# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HENRY L. WEBSTER,

 Appellant,

 v.

DEPARTMENT OF VETERANS
 AFFAIRS,

 Agency.

DOCKET NUMBER
CH-0731-13-1565-I-1

DATE: September 30, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Henry L. Webster, Chicago, Illinois, pro se.

Kevin J. Gaffney, Hines, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for failure to prosecute. For the reasons set forth below, the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2        In an initial decision dated December 12, 2013, the administrative judge dismissed the appellant's appeal for failure to prosecute after the appellant failed to appear for status conferences on October 30, 2013, and November 8, 2013, and failed to respond to her show-cause order.  Initial Appeal File (IAF), Tabs 8-10, Tab 12, Initial Decision (ID) at 1-3.  The initial decision became the final decision of the Board on January 16, 2014, when neither party filed a petition for review.  ID at 3.

¶3        On May 3, 2014, the appellant filed a petition for review.  Petition for Review (PFR) File, Tab 1.  With his petition for review, the appellant filed a Motion to Accept Late Filed Petition for Review, with supporting documents, in which he stated under penalty of perjury that he moved in June 2013 and submitted a change of address form to the U.S. Postal Service, but the post office did not forward his mail until March 28, 2014, and, therefore, he did not receive the administrative judge's notices of status conference or her show cause order.  PFR File, Tab 1 at 8.  The agency responds in opposition to the petition for review.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        To be timely, a petition for review must be filed within 35 days of the date of the initial decision's issuance or, if the decision was received more than 5 days after the date of issuance, within 30 days after receipt.  *Vandagriff v. Department of the Army*, 106 M.S.P.R. 446, ¶ 4 (2007); 5 C.F.R. § 1201.114(e).  Here, although the appellant alleges that he did not receive certain documents from the administrative judge until on or shortly after March 28, 2014, he does not allege or submit any documents to show that he received the initial decision more than 5 days after December 12, 2013.  PFR File, Tab 1 at 4, 8, 16-27.  Therefore, his

petition for review was due on January 16, 2014, and was more than 3 months untimely filed.

¶5      The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.12, 1201.114(g). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd sub nom. Moorman v. Merit Systems Protection Board*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6      Reading the appellant's pleadings liberally, he asserts that the post office's failure to timely forward his mail to the correct address, caused the delay in filing his petition for review. PFR File, Tab 1 at 4. He contends that he moved in June 2013, *id.*, which was 2 months before he filed his appeal. Thus, he should have stated his new mailing address on his appeal form. Instead, he indicated that his mailing address was his old address. IAF, Tab 1 at 1. He used the same former address on two subsequent pleadings before the administrative judge as well, *id.*, Tab 5 at 1, Tab 6 at 1, when he should have informed the administrative judge that he moved to a new address in June. The administrative judge directed all orders, notices, and other documents, and the initial decision, to the appellant's address of record, i.e., to the old address he provided to the Board. *See* IAF, Tab 2 at 17, Tab 7 at 2, Tab 8 at 2, Tab 9 at 3, Tab 10 at 2, Tab 12 at 8.

¶7    The Board's regulations require that all appeals include the appellant's "address," which obviously means the appellant's *correct* address. 5 C.F.R. § 1201.24(a)(1). The Board's regulations further provide that an appellant is responsible for notifying the Board of any change of address. 5 C.F.R. § 1201.26(b)(2). The appellant's failure to keep the Board informed of his correct address delayed his receipt of documents essential to his appeal and indicates a lack of due diligence and ordinary prudence on his part. *See Jacks v. Department of the Air Force*, 114 M.S.P.R. 355, ¶ 8 (2010) (the appellant's failure to notify the Board of a change in address caused a delay in his receipt of the initial decision and did not reflect due diligence).

¶8    Assuming arguendo that the appellant received the initial decision when he received the other documents from the administrative judge, that is, on or shortly after March 28, 2014, he has not explained why he waited until June 9, 2014, before filing a petition for review. *See Jacks*, 114 M.S.P.R. 355, ¶ 9 (the appellant failed to show good cause where he offered no explanation for his delay in filing his petition for review once he received the initial decision). A delay of this length is not minimal. *Cf. Terrell v. U.S. Postal Service*, 114 M.S.P.R. 38, ¶ 9 (2010) (a 42-day delay in filing a petition for review was significant).

¶9    We find that, by failing to keep the Board informed of his correct address and therefore making it impossible for him to receive documents in a timely manner, the appellant failed to show due diligence or ordinary prudence under the circumstances of the case. *See Terrell*, 114 M.S.P.R. 38, ¶¶ 9-10; *Alonzo*, 4 M.S.P.R. at 184. Further, the appellant has failed to present evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to file his petition for review in a timely manner. *See Moorman*, 68 M.S.P.R. at 63,

¶10    Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness

of the petition for review.  The initial decision remains the final decision of the Board regarding the dismissal of the underlying appeal for failure to prosecute.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.